# EXHIBIT A

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ANDREW R. DREMAK, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS AND ENTERTAINMENT, INC.,<br><br>Defendant. | No.: **37-2012-00086971-CU-BT-CTL**<br><br><u>CLASS ACTION</u><br><br>CLASS ACTION COMPLAINT |

COMPLAINT

Plaintiff Andrew Dremak ("plaintiff"), brings this action on behalf of himself and all others similarly situated against defendant SeaWorld Parks & Entertainment, Inc. ("SeaWorld" or "defendant"), and states:

## NATURE OF THE ACTION

1. The Song-Beverly Credit Card Act of 1971 ("Credit Card Act") is designed to protect consumers by prohibiting businesses from collecting personal identification information from credit card customers that is not necessary to the completion of the credit card transaction. The information prohibited from collection under the Credit Card Act includes information that does not appear to reveal personal information, such as the purchaser's ZIP code. However, this and a host of other seemingly innocuous information can be readily used by the merchant to determine the customer's personal identification information, such as full addresses, which they may then use for their own marketing-related purposes or sell to third parties.

2. SeaWorld systematically and intentionally violates the Credit Card Act by uniformly requesting that cardholders provide personal identification information, including their ZIP codes, during credit card transactions, and then recording that information in electronic database systems. There is no legitimate need for SeaWorld to collect a credit card customer's personal identification information in order to complete the credit card transaction. SeaWorld then uses the unlawfully collected personal identification information for business-related purposes.

3. Plaintiff brings this action on behalf of himself and other similarly situated consumers in California from whom SeaWorld requested and recorded personal identification information as part of a credit card transaction. Plaintiff alleges violations of the Credit Card Act and seeks civil penalties as a result of SeaWorld's intentional misconduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Code of Civil Procedure §410.10 and Article VI, §10 of the California Constitution, because this case is not a cause given by statute to other trial courts.

5. Venue is proper in this Court in that many of the acts and transactions giving rise to this action occurred in this County and because defendant:

(a) is authorized to conduct business in this County and has intentionally availed itself of the laws and markets within this County through the promotion, marketing, distribution and sale of its products in this County;

(b) does substantial business in this County; and

(c) is subject to personal jurisdiction in this County.

## PARTIES

6. At all times relevant to this matter, plaintiff Andrew Dremak resided and continues to reside in San Diego, California. During the class period, on June 30, 2012, plaintiff visited SeaWorld located at 500 Sea World Drive, San Diego, CA 92109. Plaintiff went to SeaWorld's parking lot cashier to pay for the fee with his credit card. The cashier asked plaintiff for his ZIP code and, believing he was required to provide the requested information to complete the transaction, he provided it. The cashier entered plaintiff's ZIP code into the electronic point of sale register and then completed the transaction. At the end of the transaction, SeaWorld had plaintiff's credit card number, name and ZIP code recorded in its electronic systems. As a direct result of SeaWorld's unlawful conduct described herein, plaintiff suffered injury in fact.

7. Defendant SeaWorld is a Delaware corporation with its headquarters located in Orlando, Florida. Defendant is registered to do business in the State of California, and does business in the State of California. At all relevant times, SeaWorld operated and continues to operate an animal theme park in California and in San Diego County. SeaWorld is the leaseholder and operator of the approximate 10,000 parking space, on-site lots at its San Diego theme park. More than four million customers visit SeaWorld's San Diego theme park each year.

## FACTUAL ALLEGATIONS

8. The Credit Card Act was enacted in 1971 to protect consumers by imposing fair business practices, including imposing major changes in the law dealing with credit card

practices. The changes included prescribing procedures for billing, billing errors, dissemination of false credit information, issuance and unauthorized use of credit cards. In 1990, the Legislature enacted former Civil Code §1747.8 "to address the misuse of personal identification information for, inter alia, marketing purposes, and [finding] that there would be no legitimate need to obtain such information from credit card customers if it was not necessary to the completion of the credit card transaction."

9. The California Senate Committee on Judiciary highlighted the reasons for the 1990 personal identification information amendments to the Credit Card Act: "The Problem ... Retailers acquire this additional personal information for their own purposes – for example, to build mailing and telephone lists which they can subsequently use for their own in-house marketing efforts, or sell to direct-mail or tele-marketing specialists, or to others."[1]

10. SeaWorld is not required to record a cardholder's personal identification information, including ZIP code information, in order to complete a credit card transaction.

11. SeaWorld collects and categorizes personal identification information, including names, addresses (including ZIP codes), phone numbers, email addresses, and purchase histories into electronic databases which it then mines and indexes for its own SeaWorld-related business purposes, e.g., targeted marketing, and may also sell, rent, trade or otherwise disclose the personal information to other businesses.

12. Even without a customer's full street address, through a combination of the customer's name and ZIP code, SeaWorld is able to match the information to a previously undisclosed address.

## CLASS ACTION ALLEGATIONS

13. Plaintiff seeks certification of a Class consisting of:

All persons from whom SeaWorld requested and recorded personal identification information as part of a credit card transaction in California.

Excluded from the Class are SeaWorld and any of its officers, directors and employees.

---

[1] Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2920 (1989-1990 Reg. Sess.) as amended June 27, 1990, pp. 3-4.

14. *Numerosity.* The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of thousands of members. The precise number of Class members is unknown to plaintiff. The true number of Class members is known by the defendant, however, and thus may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

15. *Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether SeaWorld requests credit cardholder's personal identification information;

    (b)    whether SeaWorld records credit cardholder's personal identification information;

    (c)    whether SeaWorld's alleged conduct violates public policy;

    (d)    whether the alleged conduct constitutes violations of the Credit Card Act; and

    (e)    whether plaintiff and Class members are entitled to an award of civil penalties and the amount of those penalties.

16. *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class in that he is a member of the Class he seeks to represent.

17. *Adequacy of Representation.* Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

18. *Superiority.* A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The civil penalties available to individual Class members are relatively small compared to the burden and expense that would be entailed by

individual litigation of their claims against the defendant. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. Further, the adjudication of this action presents no unusual management difficulties.

19. Adequate notice can be given to Class members directly using information maintained in defendant's records or through notice by publication.

## COUNT I

### Violations of the Song-Beverly Credit Card Act of 1971, Civil Code §1747, *et seq.*

20. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

21. Civil Code §1747.08, one of the provisions of the Song-Beverly Act, states that no "corporation that accepts credit cards for the transaction of business shall ... [r]equest, or require as a condition to accepting the credit as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the [business] accepting the credit card writes, causes to be written, or otherwise records upon the credit card form or otherwise."

22. A ZIP code constitutes "personal identification information" as that phrase is used in Civil Code §1747.08.

23. Defendant is a corporation that accepts credit cards for the transaction of business.

24. Defendant intentionally requests personal identification information from cardholders during credit card transactions at its amusement park.

25. During credit card transactions at its animal themed amusement park, defendant violates the Credit Card Act by intentionally and systematically requesting personal identification information, including ZIP code information, from customers at the point-of-sale, which defendant then records.

26. As a direct and proximate result of SeaWorld's unlawful conduct as set forth herein, plaintiff and the other Class members are entitled to civil penalties in an amount of up to one thousand dollars per violation pursuant to Civil Code §1747.08(e).

### PRAYER FOR RELIEF

Wherefore, plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding plaintiff and the proposed Class members civil penalties;

C. Awarding attorneys' fees and costs; and

D. Providing such further relief as may be just and proper.

Dated: December 5, 2012

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)

By: _____
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

Attorneys for Plaintiff

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEAWORLD PARKS AND ENTERTAINMENT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW R. DREMAK, On Behalf of Himself and All Others Similarly Situated

FILED
CIVIL BUSINESS OFFICE 12
(SOLO PARA USO DE LA CORTE)

2012 DEC -5 P 2: 54

CLERK-SUPERIOR COURT
DEC 0 2012 SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court
330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2012-00086971-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy G. Blood, Blood Hurst & O'Reardon LLP, 701 B St., Ste. 1700, San Diego, CA 92101 619-338-1100

DATE: DEC 0 7 2012         Clerk, by _P. Nabers_ R. Babers , Deputy
*(Fecha)*                  *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Timothy G. Blood (149343)<br>BLOOD HURST & OREARDON, LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-338-1100   FAX NO.: 619-338-1101<br>ATTORNEY FOR (Name): Plaintiff ANDREW R. DREMAK | 2012 DEC -5 P 2:54 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Andrew R. Dremak v. Seaworld Parks and Entertainment, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2012-00086971-CU-BT-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [✓] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: One
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 5, 2012

Timothy G. Blood
(TYPE OR PRINT NAME)                    ▶ _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7066 | |

| PLAINTIFF(S) / PETITIONER(S): Andrew R Dremak |
|---|
| DEFENDANT(S) / RESPONDENT(S): Sea World Parks and Entertainment Inc |
| DREMAK VS. SEA WORLD PARKS AND ENTERTAINMENT INC |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2012-00086971-CU-BT-CTL |
|---|---|

Judge: Joel M. Pressman                                                Department: C-66

**COMPLAINT/PETITION FILED:** 12/05/2012

**ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW,
EXCEPT FOR PARKING CITATION APPEALS**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

**COMPLAINTS:** Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 08-12)                            **NOTICE OF CASE ASSIGNMENT**                                Page: 1



# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

| | FILED<br>FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Timothy G. Blood (149343)<br>BLOOD HURST & O'REARDON, LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101<br>TELEPHONE NO. *(Optional)*: 619-338-1100   FAX NO. *(Optional)*: 619-338-1101<br>E-MAIL ADDRESS *(Optional)*: tblood@bholaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Andrew R. Dremak | 13 JAN 23 PM 2: 17<br><br>SAN DIEGO COUNTY, CA<br><br>JAN 23 '13 ax10:14 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☑ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE, 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>ANDREW R. DREMAK, et al. | JUDGE<br>Hon. Joel M. Pressman |
| DEFENDANT(S)<br>SEAWORLD PARKS AND ENTERTAINMENT, INC. | DEPARTMENT<br>C-66 |
| **CERTIFICATE OF SERVICE** | CASE NUMBER<br>37-2012-00086971-CU-BT-CTL |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with SDSC Local Rule 2.1.5.

Date: January 23, 2013

Timothy G. Blood
Type or print name                                                                      Signature

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE. Instead, file the form CERTIFICATE OF PROGRESS (SDSC Form #CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.



SDSC CIV-345 (Rev. 5/09)                     **CERTIFICATE OF SERVICE**                     SDSC Local Rule 2.1.5